**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (646) 593-8866
Fax:    (212) 618-0213
E-mail: rwanchoo@wanchoolaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOINT STOCK COMPANY NORTHERN
SHIPPING COMPANY

               Plaintiff,

- against -

CRAFT ENTERPRISES (INTERNATIONAL)
LIMITED

               Defendant.

------------------------------------------------------------X

ECF CASE

08 Civ. 3107 (HB)

**VERIFIED COMPLAINT**

       Plaintiff, JOINT STOCK COMPANY NORTHERN SHIPPING COMPANY ("NSC"), by their attorneys, LAW OFFICES OF RAHUL WANCHOO, allege on information and belief as follows:

**JURISDICTION AND VENUE**

    1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the

Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

## THE PARTIES

2. At all material times, Plaintiff, NSC was and now is a foreign corporation organized under and existing by virtue of the laws of Russia, was the owner of the M.V. PIONER LITVY and M.V. IVAN RYABOV, (the "Vessels"), cargo vessels each of about 6,063 deadweight tons capacity, engaged in the carriage of general cargo by water.

3. Upon information and belief, at all material times, Defendant, Craft Enterprises (International) Limited ("Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of England, and was the charterer of the Vessels.

4. Plaintiff's claims arise out of and in connection with two separate voyages performed for Defendant by the Vessels under two separate maritime charter party contracts.

## CLAIMS OF PLAINTIFF

### M.V. PIONER LITVY

5. Pursuant to a charter party contract dated December 7, 2006, Plaintiff as owner chartered the Vessel to the Defendant, as charterer, for a voyage from Liepaja, Latvia to Skikda, Algeria.

6. In performing the aforementioned charter, the Vessel incurred demurrage in the total amount of $29,982.91, calculated at US$4,400 pro rata per day, which was invoiced to Defendant on February 15, 2007. As per the terms of the charter, the payment of demurrage became due within ten days of presentation of the invoice and supporting documents.

7. Despite repeated demands, Defendant has refused to pay the demurrage owed in the amount of $29,982.91 incurred on the voyage.

8. Hence, Plaintiff is entitled to recover the following amounts:

2

      A. On the principal claim:       $29,982.91

      B. Accrued interest:       $ 4,472.01
         6.5% at 3-month rests,
         01/01/2007 – 14/03/2009

      Total:       **$34,454.92**

9. Defendant has not paid the above amount.

**M.V. IVAN RYABOV**

10. Pursuant to a charter party contract on the GLENCON 94 form dated April 15, 2006, Plaintiff, as owner, chartered the Vessel, M.V. IVAN RYABOV to the Defendant, as charterer, for a voyage to transport steel reinforcing bars from Liepaja, Latvia to Skikda, Algeria.

11. In performing the charter, a weight discrepancy dispute arose regarding the cargo. On or about June 2, 2006 the Vessel was arrested at her discharge port, Skikda by cargo interests. The Vessel remained under arrest for about two days. The cargo interests alleged cargo shortage owing to a difference in weight of each separate bundle of cargo. Under the charter party, the Plaintiff was not responsible for cargo shortage and was responsible for only the quantity of loaded bundles.

12. By reasons of the premises, Plaintiff incurred expenses in having the Vessel released from arrest in the amount of $39,099.92, and incurred damages for detention in the amount of $10,274, or total damages in the amount of $49,373.92.

13. Plaintiff submitted its claim to Defendant on November 28, 2006 demanding payment of the above sums. This debt was uncontested by the Defendant, and the parties agreed to incorporate a settlement agreement into the final fixture dated December 7, 2006.

14. The Defendant settled the claim in part owing a balance of $10,274.00, which was either to be settled by freight surcharge during January 2007, or in the event that such

shipment did not take place, Defendant would make the payment directly to the Plaintiff. However, despite several demands, Defendant has failed to settle Plaintiff's claim to date.

15. Hence, Plaintiff is entitled to recover the following amounts:

| | | |
|---|---|---|
| A. | On the principal claim: | $10,274.00 |
| B. | Accrued interest:<br>6.5% at 3-month rests,<br>01/01/2007 – 14/03/2009 | $ 1,565.80 |
| | Total: | **$11,839.80** |

16. Defendant has not paid the above amount.

## TOTAL AMOUNT SOUGHT TO BE ATTACHED

17. The charter parties provide that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the full principal amount of Plaintiff's claim outlined above, Plaintiff also seeks an attachment for its anticipated attorneys' fees and costs, in the amount of $30,000, which are recoverable in London arbitration. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.")

18. Based upon the foregoing, therefore, the total amount sought to be attached by Plaintiff in this action is $76,294.72 ($34,454.92 + $11,839.80 + $30,000.00).

19. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

20. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed

with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Craft Enterprises (International) Ltd. that it be personally cited to appear and answer the matters set forth above;

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $76,294.72, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
       March 27, 2008

        **LAW OFFICES OF RAHUL WANCHOO**
        Attorneys for Plaintiff
        Joint Stock Company Northern Shipping Company

By: _Rahul Wanchoo_
    Rahul Wanchoo (RW-8725)